UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**COREY EUGENE WOOLEY**                                                                                          **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:21-CV-P142-TBR**

**SCOTT JORDAN** *et al.*                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Corey Eugene Wooley initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted inmate at Kentucky State Penitentiary (KSP). He names the following Defendants: the Kentucky Department of Corrections (KDOC); KDOC Commissioner Cookie Crews; KSP Warden Scott Jordan; KSP Deputy Warden Garth Thompson; KSP Major Seth Mitchell; KSP Unit Administrator Jacob Bruce; KSP Unit Administrator Roger Mitchell; KSP Case Treatment Officer Bradford Richie; and KSP Psychologist Amanda Shelton. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff states that he has been housed in the Restricted Housing Unit (RHU) at KSP since his arrival there on July 9, 2021. He states that upon his arrival, he "filed a property request form to seek his property and gain possession of his (RHU) (seg.) allowables." Plaintiff alleges that Defendant Richie told him that he allowed the form to sit on his desk for three weeks and that this stopped Plaintiff rom receiving his property, including his "legal property." Plaintiff asserts that

this deprivation of his property violated his rights under the Due Process Clause of the Fourteenth Amendment.

Plaintiff next alleges that after not receiving his property for forty days, he went on a hunger strike for four days. He states that Defendant Bruce then gave him his "needed property."

Plaintiff next states that because he went on a hunger strike, he was placed on a mental health and behavior watch for several days but that even after he was "taken off all watches" on August 27, 2021, he remains confined with only a suicide security smock, boxers, and a mat. Plaintiff states that he has "no blankets, no sheets, no pants, no shirt, no socks" and "was not given any (seg.) (RHU) allowables" and was told that it is the "Warden's Policy" that an "inmate is to never receive any of the [above materials] until inmate is released from segregation or is placed in the transition program." Plaintiff states that he was additionally told that he could not be placed on the "programs list" until he had ninety days of "clear conduct." Plaintiff states that at no point since August 27, 2021, has he informed staff "of wanting to harm himself or someone else there making him homicidal nor suicidal which could account for [Plaintiff being confined under the conditions described above]." Plaintiff alleges that continuing to keep him confined in these conditions violates his constitutional rights under the Eighth and Fourteenth Amendments. He states that all listed Defendants except the KDOC and Commissioner Crews are involved in this violation of his rights. He states that Defendants KDOC and Commissioner Crews approve of this violation of his rights.

As relief, Plaintiff seeks damages in an amount to be determined by a jury and "injunctive relief by the Courts."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

3

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. KDOC and Official-Capacity Claims

Plaintiff sues the KDOC and each Defendant in his or her official capacity. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state entity and state employees in their official capacities, he fails to allege cognizable claims under § 1983. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's claims against the KDOC and his official-capacity claims against the other Defendants for damages must be

dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

The Court will, however, <u>allow Plaintiff's official-capacity claims for injunctive relief to proceed against Defendants Jordan, Thompson, Seth Mitchell, Bruce, Roger Mitchell, Richie, and Shelton under the *Ex Parte Young* exception to sovereign immunity</u>. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (holding that Eleventh Amendment immunity does not bar injunctive relief against a state official).

## B. Individual-Capacity Claims

### 1. Commissioner Crews

The Court construes the complaint as asserting a claim against Defendant Crews based on her supervisory role over Kentucky's prisons as the KDOC Commissioner. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional

behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, the Court will dismiss Plaintiff's individual-capacity claims against Defendant Crews for failure to state a claim upon which relief may be granted.

**2. Remaining Defendants**

Upon consideration, the Court will allow claims for cruel and unusual punishment under the Eighth Amendment and claims for violations of the Due Process Clause of the Fourteenth Amendment to proceed against Defendants Jordan, Thompson, Seth Mitchell, Bruce, Roger Mitchell, Richie, and Shelton in their individual capacities based on Plaintiff's conditions of confinement in the RHU.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the KDOC and his official-capacity claims against all Defendants for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendant Crews are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed** to terminate the KDOC and Defendant Crews as parties to this action as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: February 9, 2022

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011